**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4571

CHAMPION WILLIAM COLBURN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-96-27-A)

Submitted: May 1, 1997

Decided: May 13, 1997

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph J. McCarthy, DELANEY, MCCARTHY, COLTON &
BOTZIN, P.C., Alexandria, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Gavin A. Corn, Special Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Champion William Colburn pled guilty without a plea agreement to a one-count indictment charging conspiracy to possess with intent to distribute and to distribute 100 kilograms or more of marijuana, 21 U.S.C. § 846 (1994). He reserved the right to dispute the amount of marijuana involved in the offense. Colburn now appeals his 70-month sentence, alleging that the district court clearly erred in finding that he was responsible for more than 100 kilograms of marijuana, USSG § 2D1.1,[1] and that he had an aggravated role in the offense, USSG § 3B1.1(c). We affirm.

Colburn supplied 37 kilograms of marijuana to Gary Saylor in two transactions which took place in Tucson, Arizona, in August and October 1995. Saylor transported the marijuana to northern Virginia for distribution. After the second purchase, Saylor was arrested in Virginia and began cooperating with authorities.

Colburn subsequently agreed to supply Saylor with 68 kilograms of marijuana. However, when Saylor arrived in Tucson, a disagreement developed because Colburn would not permit Saylor to accompany him when he went to get the marijuana from his sources and Saylor could not agree to turn over the money to Colburn as he had done in the past. Consequently, the third transaction was not completed. The conversations between Colburn and Saylor were preserved in a series of recorded telephone calls.

Colburn declined to discuss the offense with the probation officer and did not testify at his sentencing hearing. His attorney argued that the 68 kilograms which Colburn agreed to sell to Saylor should not

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1995).

2

be included as relevant conduct because Colburn was aware that Saylor was working with the government and intended simply to steal his money. Defense counsel maintained that Colburn had no intention of delivering 68 kilograms to Saylor. In a reverse sting transaction, negotiated amounts are included in the offense level calculation unless the defendant establishes that he did not intend to provide or was incapable of providing the agreed-upon amount. USSG § 2D1.1, comment. (n.12).

Based on its review of Colburn's recorded conversations, the district court found that he had both the intent and the capability of delivering the negotiated 68 kilograms of marijuana. Factual findings made by the district court in its application of the sentencing guidelines are reviewed for clear error. United States v. Lamarr, 75 F.3d 964, 972 (4th Cir.), cert. denied, #6D6D 6D# U.S. ___, 65 U.S.L.W. 3309 (U.S. Oct. 21, 1996) (No. 95-9398). We find that the court's determination was not clearly erroneous. Colburn did not provide any evidence that he knew he was dealing with an informant or that he intended to steal the money rather than produce the marijuana.

The district court also found, based on information in the presentence report, that Colburn had a leadership role because he had connections with sources which smuggled marijuana into the country.[2] This finding was not clearly erroneous. A defendant has the burden of correcting any inaccurate information in the presentence report. United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). In the absence of any evidence to the contrary, the district court properly relied on information in the report which justified the adjustment.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

[2] We note, in addition, that Saylor reported being recruited into the marijuana trade by Colburn.

3